PEOPLE ex rel. BAKER v. MORGAN, Supervisor, et al.

(Supreme Court, Appellate Division, Third Department. September 20, 1904.)

1. MUNICIPAL CORPORATIONS—CONDEMNATION OF LAND—DAMAGES—PAYMENT—
   MANDAMUS—PARTY PLAINTIFF.

   Where awards of damages in taking lands for a road are several and independent, one of the persons to whom damages have been awarded cannot bring mandamus on behalf of himself and the others against the town auditors to compel the auditing of the claims, where there is nothing to show that any of the claimants except the relator have asked for the payment of the awards, or that they desire the same audited and paid by the town.

2. SAME—ORDER OF COURT—MODIFICATION—APPEAL.

   Where one of several landowners in a town instituted mandamus against the town auditors to compel the auditing of his claim for damages for appropriation of land by the town for a public road, including in his request the amount of the awards to each of the other persons to whom damages were awarded, claiming only that the audit of such awards was

a public duty, and on appeal did not ask an amendment of an order procured by him so as to require the audit and collection of his claim only, the question of his right to such relief will not be reviewed.

Appeal from Special Term, Warren County.

Application by the people on the relation of Samuel D. Baker, against John J. Morgan, supervisor, and others, for mandamus. From an order granting the writ, defendants appeal. Reversed.

In March, 1899, Samuel D. Baker, the relator, and another made an application for the appointment of commissioners to determine the necessity of a proposed new highway in the town of Ft. Edward, in said county. The said commissioners were appointed, and filed their decision determining that said proposed highway was necessary, and damages were assessed to the several landowners as follows: To Samuel D. Baker, $225; to Mrs. Hannah Streeter, Clayton M. Streeter, Albert Streeter, and Edward J. Stewart, $150; to James Dixon, $200; and to James R. McFadden, $500. The decision of the commissioners was, upon motion, duly confirmed by the County Court of Washington county, and upon appeal by the Appellate Division (69 N. Y. Supp. 1128) and by the Court of Appeals (65 N. E. 1100). On the 12th day of November, 1903, after the affirmance of the said decision by the Court of Appeals, the board of town auditors met for the purpose of auditing claims against the town, and among other claims they audited the claim for costs allowed in said proceedings, and a resolution was then passed by said town auditors as follows: "Resolved, that the matter of auditing the bills for land damages in the Baker and Doig road case, namely, Samuel D. Baker, $225, James Dixon, $200, Hannah Streeter, $150, be deferred until the next meeting of the board, and that the town clerk and supervisor be a committee to ascertain the rights of the town of Ft. Edward as to titles and deeds of the property in question. Resolved, that inasmuch as this board has been informed that the matter is to be further litigated or settled, and that some of the award is not asked for, that the matter be laid on the table for further consideration until settled by the parties." Thereupon the relator, one of the persons to whom land damages were awarded, made this application for a writ of mandamus directing and commanding the town auditors to assemble together, and to audit and allow said claims for damages so awarded and assessed by said commissioners to said Samuel D. Baker, Mrs. Hannah Streeter, Clayton M. Streeter, Albert Streeter, and Edward J. Stewart, James Dixon, and James R. McFadden, and to place the amount thereof upon the town abstract of said town of Ft. Edward, and levy and collect the same in said town of Ft. Edward. On the motion for said writ of mandamus it appeared that litigation was still pending relating to said road, and that said road had not been graded or taken from the possession of the original owners thereof, and that an application was pending for the discontinuance of said road. Among other things, it also appeared that said McFadden expressly declined to present a claim for audit to the defendants, and it was also claimed that there were mortgage liens upon portions of the real estate over which said road is laid, and that said Mrs. Hannah Streeter, Clayton M. Streeter, Albert Streeter, and Edward J. Streeter had sold their interests in said award, and it was further claimed that the court had no jurisdiction to lay out said road. The application for mandamus was granted as asked. Thereafter a motion was made to set aside the order and for a resettlement of the same. The order was in some details resettled, but the motion, so far as it asked to set aside the order, was denied.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Edgar Hull (Lewis E. Carr, of counsel), for appellant.
John B. Conway (Fred A. Bratt, of counsel), for respondents.

CHASE, J. The payment of the awards for land damages to the several persons over whose lands the road is laid out is not a matter of public interest. The relator describes himself as a freeholder and

taxpayer in said town, but as such he has no interest in compelling the payment of such awards. If one or more of the persons to whom damages have been awarded refuse to receive the same, or release to the town all claim therefor, it is manifestly to the interest of the taxpayers that the amount of such awards shall not be collected by tax. The award of damages is several; each award is independent of every other award. Where awards for damages sustained by the laying out of a road across the respective lands of the claimants are several and independent, and not joint, the claimants cannot join in a proceeding to compel the payment of the damages by mandamus. Ency. of Pleading & Practice, vol. 15, p. 646; High on Extraordinary Remedies, §§ 434–439. The awards of damages for laying out the road in question being several, the relator has no interest in favor of the payment of the awards other than his own. One of the persons to whom damages were awarded expressly repudiates any connection with the effort to have the same included in the town abstract for collection and payment, and there is nothing before us to show that any of the claimants other than the relator have asked for the payment of their awards, respectively, or that they desired the same audited and paid by the town. Assuming that it is made the duty of the town auditors to audit the several awards and include the same in the town abstract for collection and payment, such duty is for the benefit of the persons severally to whom the awards for damages are made.

The appellants insist that the first order appealed from, which order expressly provides for the audit of the amount of the award to each of the persons to whom damages were awarded, and the collection of the same by a tax, was not authorized, and such claim seems to be good. It is not necessary for us to consider whether the order could not now be modified so as to require the audit and collection of the relator's claim only. The relator did not ask the defendants to audit and collect his award only, but he included in his request the amount of the awards to each of the other persons to whom damages were awarded. He claimed then, as he has claimed since, that the audit of such awards to each of the persons to whom the award was made and the collection of the same by tax was a public duty. The relator does not now ask that the orders be amended or modified, and we think, under all the circumstances disclosed by the record, that the orders should be reversed, and the relator left to such further application to the defendants or to the courts as he shall be advised, on which application many of the numerous questions arising on this appeal can be avoided.

Orders reversed, and the writ of mandamus quashed, without costs. All concur.